UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER C. PRESTON,<br><br>　　　　Defendant. | CASE NO. CR11-5537BHS<br><br>ORDER DENYING DEFENDANTS MOTIONS TO DISMISS INDICTMENT |

This matter comes before the Court on Defendant Christopher Preston's ("Preston") motions to dismiss the indictment (Dkts. 19 & 20). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 3, 2011, the United States of America ("Government") filed a one-count indictment against Preston for failure to register and update sex offender registration in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. Dkt. 1.

On May 12, 2012, Preston filed a motion to dismiss the indictment based on the Delegation Doctrine (Dkt. 19) and a motion to dismiss the indictment based on the Ex Post Facto clause and the Commerce clause (Dkt. 20). On May 16, 2012, the Government responded to both motions. Dkts. 24 & 25.

## II. FACTUAL BACKGROUND

On July 15, 1998, Preston pled guilty to rape. Preston was sentenced to 100 months of imprisonment to be followed by 240 months of supervised release. On July 31, 2006, Preston was released from prison. On April 17, 2009, Preston registered as a sex offender.

The Government alleges that in October 2011, the United States Marshalls developed information that Preston was living in Vancouver, Washington and was not registered as a sex offender at that location. *See* Dkt. 24 at 2.

## III. DISCUSSION

**A.  Delegation Doctrine**

Article I, § 1 of the Constitution declares that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." From this language the Supreme Court has derived the "nondelegation doctrine," which provides "that Congress may not constitutionally delegate its legislative power to another branch of government." *Touby v. United States*, 500 U.S. 160, 165 (1991). Where Congress seeks to delegate the implementation of its laws, and not the lawmaking itself, it may do so, but it must "lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform[.]" *Mistretta v. United States*,

488 U.S. 361, 409 (1989) (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 406 (1928), brackets in *Mistretta*).

In this case, Preston argues that the Indictment against him must be dismissed because SORNA violates the nondelegation doctrine. Although Preston presents numerous arguments in a lengthy, well-researched brief, the Court is not persuaded that SORNA is unconstitutional. *See United States v. Guzman,* 591 F.3d 83 (2nd Cir.), *cert. denied* 130 S. Ct. 3487 (2010); *see also United States v. Carter*, 2011 WL 5520290 (November 10, 2011, W.D. Wash.). Therefore, the Court concludes that Congress provided an intelligible principle to limit the Attorney General's discretion and denies Preston's motion to dismiss the indictment (Dkt. 19).

**B.    Commerce Clause**

In *United States v. George*, 625 F.3d 1124 (9th Cir. 2010) ("*George*"), the Ninth Circuit upheld SORNA against a Commerce Clause challenge. *Id*. at 1129—1130. *George*, however, was subsequently vacated on other grounds and dismissed. *United States v. George*, 672 F.3d 1126 (9th Cir. 2012). Preston requests that the Court address the issue anew in the absence of binding precedent. Dkt. 20 at 2—3. Although *George* is not binding, Preston fails to show that the Court's logic or conclusion is erroneous. Therefore, the Court denies Preston's motion on this issue because Congress had the power under its broad Commerce Clause authority to enact SORNA.

**C.    Ex Post Facto**

Preston argues that SORNA violates the Ex Post Facto clause because it punishes him based on a conviction that occurred prior to SORNA's enactment. Dkt. 20 at 3-4.

Preston concedes that "[o]ther Ninth Circuit and Supreme Court cases, while not directly controlling or completely on point, have rejected similar arguments regarding state sex offender registration requirements." *Id*. at 4. Preston submits "that the analysis in these cases is flawed and should be reversed by the Ninth Circuit sitting en banc." *Id*.

The Court concludes that, as a matter or law, SORNA is not punitive and does not violate the Ex Post Facto clause. Therefore, the Court denies Preston's motion on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Preston's motions to dismiss the indictment (Dkts. 19 & 20) are **DENIED**.

Dated this 29th day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge